## LEE POLLY v. THE STATE.

### No. 277.   Decided May 26.

Gaming—Sufficiency of Evidence.—Where two witnesses made affidavit before the county attorney, in February, 1893, that they had seen defendant dealing faro in his gambling rooms all during the fall of 1892, but when sworn as witnesses, in May, 1893, stated that they could not remember that they had seen defendant deal faro at the place charged, or at any other time in 1892, but admitted that they had made the affidavits, and that the same were true, *Held*, the evidence was insufficient to sustain the conviction, because the statements in said affidavits were made in the absence of defendant.

APPEAL from the County Court of Navarro. Tried below before Hon. JOHN H. RICE, County Judge.

This appeal is from a conviction for keeping and exhibiting a gaming bank, wherein the punishment assessed was a fine of $25 and imprisonment for ten days in the county jail.

The inculpatory evidence in the case was the testimony of Sim Daniels and Frank Kessinger; and as it was substantially the same, we only reproduce that of Kessinger, as follows: On being asked by the county attorney if he had seen the defendant, during the fall of 1892, exhibiting a banking game and faro table over Vinson's saloon, he answered, that he could not say that he had; that he did not remember that he had seen him do so. [This witness, in the opinion of the court, was unwilling to testify, evasive, and unfriendly to the State; and the court allowed the county attorney to ask leading questions.] The county attorney handed witness a written paper, and witness identified his signature thereto, but made no attempt to read the paper. Asked by the county attorney if in February, 1893, he did not make a written statement before the county attorney, and swear to it, to the effect that "during the fall of 1892 he saw Lee Polly exhibiting a gaming table and faro bank over Vinson's saloon," witness answered: "I don't know now whether I did or not; I don't remember what affidavit I made. I know I signed that affidavit, and I may have made that state-

ment, but I don't know now that I ever saw Lee Polly deal faro over Vinson's saloon. I reckon I made the statement. If I swore to it, it was true then. I am not in the habit of swearing to things that are not true. If it was true then, of course it's true now; but I don't remember now of ever seeing Lee Polly deal faro over Vinson's saloon."

Cross-examined by defendant's counsel, witness testified, that he had no recollection of ever seeing Lee Polly deal faro or exhibit a gaming table during the fall of 1892, over Vinson's saloon; that he would not swear that he did not deal faro or exhibit a gaming table at that time, and that he would not swear that he did; that he (witness) did not remember, and could not recollect that he had ever seen Polly deal faro at the time and place stated; that he made the affidavit for the county attorney under the agreement that some gaming cases against himself be dismissed, which was done."

Re-examined by the State, witness testified, that there was an old faro table in the rooms over Vinson's saloon; that witness worked there, but he could not say whether he ever saw defendant running the table or not. Had no recollection of seeing him do so. That Lee Polly never paid him off. [This in reply to question as to whether Polly was a partner in the gaming house or not.]

*Croft & Croft* and *H. L. Stone*, for appellant.—A defendant in a criminal case must be tried upon original evidence introduced on the trial, and not upon statements or affidavits made before the district attorney anterior to the trial, unknown to defendant, and where defendant had no means of crossing the witnesses. Const. 1876, art. 1, sec. 10; Code Crim. Proc., arts. 25–27; Shamberger v. The State, 24 Texas Crim. App., 457; White v. The State, 18 Texas Crim. App., 62; Hubby v. The State, 8 Texas Crim. App., 607.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of keeping and exhibiting for the purpose of gaming a gaming table and bank, and his punishment was assessed at ten days in jail and $25 fine.

It is unnecessary to consider the many questions raised in this record. The case must be reversed for want of testimony to sustain it. The State sought to prove its charge by two witnesses, Sim Daniels and Frank Kessinger. But each of these witnesses swore on the stand that they did not remember to have seen defendant dealing faro at any time during the fall of 1892, the date charged. They each admitted that they had made a written statement to the county attorney, in his office, on February 10, 1893, "that they had seen defendant dealing faro in the gambling rooms over Vinson's saloon all along during the fall of 1892," and that they had signed and sworn to the statement, which

was then produced by the county attorney, and handed witness, and that said statement was true, but they could not now (May, 1893) remember that they had ever seen defendant deal faro at the place named during the fall of 1892. A defendant can not be convicted on statements, except dying declarations, made in the absence of defendant, whether they be sworn to or not, and however true the statement might be. The witnesses having denied, however falsely, any recollection of seeing the offense committed, there was no testimony upon which the case could have been submitted to the jury, and the court should have instructed the jury to acquit defendant, and held the witnesses over, if satisfied of their guilt, to await the action of the grand jury on a charge of perjury.

Because the verdict is without evidence to support it, the judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.